**STATE of Missouri, Plaintiff-Respondent,**

v.

**Charles Bruce MILLER, Defendant-Appellant.**

**No. 11274.**

Missouri Court of Appeals, Southern District, En Banc.

Jan. 28, 1980.

John D. Ashcroft, Atty. Gen., Steven W. Garrett, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David R. Fielder, Springfield, for defendant-appellant.

PER CURIAM:

Defendant was convicted, after a jury trial, of a robbery which occurred on December 11, 1976, at a service station in Springfield, Greene County, Missouri. He was sentenced to five years imprisonment.

Defendant was charged in a three count information with participating in the armed robbery of three service stations in Springfield. Count I was at a Vickers Service Station on South Glenstone on December 9, 1976, Count II at the H & M Oil Company on East Kearney on the same date, and Count III again at the H & M Oil Company, on December 11, 1976. After a request for separate trials, he was tried first on Count I and convicted. He appealed and that conviction was affirmed by this court in *State v. Miller,* 593 S.W.2d 895 (No. 11201, Mo.

App. Southern District 1980). The present appeal is from a conviction on Count III. Following the sentencing on that count, Count II was dismissed by the state. The state's evidence on Count III showed the following: About dusk, one person entered the service station and told the attendant that he had a gun in his pocket. He gave the attendant a grocery sack and told him to put the currency from the cash register in it. The robber kept his right hand in his coat pocket and it appeared to the attendant that a gun was there. The robber left the station and walked out of the attendant's view, after which a car quickly left from that area. On January 14, 1977, defendant admitted to Joplin police officers that he had participated in three robberies in Greene County, Missouri. The Joplin authorities contacted the Springfield Police Department and two Springfield officers interrogated defendant in Joplin. Defendant told them that he had been with two others on December 11, 1976, and one of them robbed the H & M Service Station. They then drove away in his car and divided the money. The police officers from both cities testified that they advised defendant of his constitutional rights before he made any statement. The service station attendant did not identify defendant as being the person who entered the station.

Before the trial, a motion to suppress the oral statements was made. The Joplin police officers testified that defendant admitted participating in three armed robberies of service stations in Springfield when they talked to him on January 14, 1977. The Springfield officers testified that when they interrogated defendant in Joplin, he admitted the offenses charged under Counts I and III. One motion to suppress was filed, seeking to suppress all statements by defendant. The motion was overruled; but no finding was made that the statements were voluntary. The transcript here and the transcript on defendant's previous appeal are identical to the time of the trials. The trial testimony of the Joplin and Springfield police officers was substantially the same at both trials except for referring to a different robbery. The circumstances of defendant's statements were the same. No objection was made at either trial that the officers should not testify to defendant's confession because it was not voluntary or because the trial court did not make a finding of voluntariness. These contentions were not raised in either motion for new trial.

Defendant's allegations of error here are that the trial court erred: (1) in overruling defendant's motion to suppress the oral statements because defendant suffered from mental impairment and could not understand the *Miranda* warning; and the court erred in allowing the confession in evidence without making a factual determination that it was voluntary; (2) in overruling defendant's motion to strike the testimony of the Joplin police officers regarding the alleged statements, as no evidence was shown connecting these statements to the robbery charged here, and that defendant was prejudiced by the suggestion of defendant being guilty of other crimes; and (3) in overruling defendant's motion for acquittal, as the state had failed to make a submissible case, because there was no evidence that linked defendant with the crime except for the oral statements.

Defendant's Points I and III and the authorities therein cited are identical to Points I and III in the previous appeal. These points are denied for the reasons stated there. *State v. Miller*, supra. Point II is the same as Point II in his previous appeal, except for the claim of prejudice by the suggestion of the commission of crimes other than the one before the jury. The authority cited for Point II is the same in both appeals. The evidence of other crimes was brought out by defendant's attorney on cross-examination. The Joplin police officer and the prosecutor on direct examination gave no indication that defendant had confessed to other than the crime for which he was being tried, but cross-examination brought out that defendant had actually confessed to three robberies. A defendant is not entitled to complain about matters brought into the case by his own questions; *State v. Crocker*, 275 S.W.2d 293, 296 (Mo. 1955); or take advantage of an error of his own making. *State v. Nenninger*, 354 Mo.

53, 188 S.W.2d 56, 58 (1945). The balance of defendant's contentions under Point II were covered in our opinion on his previous appeal. Point II is denied.

The judgment is affirmed.

All concur.