**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Jack D. BELLAH, Defendant–Appellant.**

**No. 11443.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 14, 1980.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff–respondent.

James R. Bickel, Russell, Brown, Bickel, Breckenridge & Breckenridge, Nevada, for defendant–appellant.

PREWITT, Judge.

Defendant was convicted of second degree burglary and stealing and received two concurrent terms of four years' imprisonment.

On March 27, 1979, at 8:40 a. m., a cream colored pickup truck was seen in the driveway of the Clem McFarland residence one mile south of Moundville, Missouri. Two men were standing outside of the house, one kicking in the front door. A motorist who observed them drove to the Moundville grain elevator and called the sheriff's office. Upon learning of the observation, an employee of the grain elevator, Larry Harris, left to go to the McFarland residence. As he approached the residence the pickup left the driveway "rather fast" and went south on Highway 43. Harris followed the pickup from behind for about a mile and noted its license number. A bicycle and what appeared to be a television set were in the back of the pickup. Harris pulled his

vehicle alongside and then in front of the pickup. He saw two men in the pickup. Harris then returned to the McFarland home and gave the license number of the pickup to a deputy sheriff. At trial Harris identified defendant as the driver of the pickup.

At 7:35 that morning, Clem McFarland and his wife left their home. He returned at about 9:00 a. m., at the request of the sheriff's office. During the time he was gone, someone had broken into the house and numerous items, including a television and a bicycle, had been taken. A description of the pickup seen there and its license number was broadcast to the Jasper County sheriff's office in Joplin, Missouri. Between 10:30 and 11:00 that morning, Dennis Vaughn, a Jasper County deputy, found a pickup matching the description and bearing the same license number at a Joplin car dealership. The pickup had been brought in for repair at approximately 10:30 that morning by defendant and another man. Defendant signed the repair order on it. The deputy took a blood donor pin from the back of the pickup, later identified as one like that taken from the McFarland home. The deputy and two other officers then went to the address listed on the repair order. They knocked on the door of an apartment located at that address. When the door was opened they saw defendant sitting on a couch and nearby saw items matching the description of some of the items taken from the McFarland residence. Defendant was placed under arrest. The following afternoon the officers got permission from the regular occupant of the apartment to search it and seized the items matching those missing from the McFarland residence.

Defendant presents six points of alleged error. We will consider them in the order raised.

Defendant's first point contends that the trial court erred in overruling his motion to suppress, and allowing into evidence at the trial, a Sears bicycle pump and an extension cord found in the apartment where defendant was arrested and the blood donor pin

found in the rear of the pickup. All of the items were identified as having been taken, or like those taken, from the McFarland residence. Defendant contends that these items were seized by virtue of an unlawful search and seizure "without a search warrant, not subject to a valid arrest, and under no exigent circumstances which excuse the obtaining of a valid warrant."

■ Defendant did not reside at the apartment. He said he had slept there one night in the past. We believe that defendant had no standing to question the search there, and the seizure of the bicycle pump and the extension cord. He was not in the apartment when they were taken and had no proprietary or possessory interest in the premises. He thus had no standing to contest a search and seizure on those premises. *Brown v. United States*, 411 U.S. 223, 229, 93 S.Ct. 1565, 1569, 36 L.Ed.2d 208, 214 (1973); *State v. Dodson*, 556 S.W.2d 938, 949 (Mo.App.1977). See also *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).

■ State's exhibit 5, the blood donor pin, appears to have been in the "plain view" of the officer. The mere observation of what is in plain view does not constitute a search. *State v. Collett*, 542 S.W.2d 783, 786 (Mo. banc 1976). An officer may seize items without a warrant if (1) the evidence is observed in plain view while the officer is in a place where he has a right to be, (2) the discovery of the evidence be inadvertent, and (3) it is apparent to the officer that he has evidence before him. Id. The defendant's vehicle was parked in a public place and the officer had a right to be there. While looking in the rear of the vehicle to see if stolen items might be there, he saw the pin. The seizure was inadvertent as an "advertent seizure" is one where the discovery is anticipated as where the police know in advance of the location of the evidence and intend to seize it. *Coolidge v. New Hampshire*, 403 U.S. 443, 470, 91 S.Ct. 2022, 2040, 29 L.Ed.2d 564 (1971). While the deputy may have anticipated that there could be stolen items in the back of the pickup, he did not know in advance of the

location of the pickup nor of the evidence and could not have anticipated that he would discover either. The officer testified that he thought the blood donor pin was a tiepin; he knew jewelry had been taken, so he reasonably thought he had evidence before him. Under the requirements for a plain view seizure, the pin was properly taken. Also see *State v. Thomas*, 548 S.W.2d 574, 577 (Mo.App.1975). Point one is denied.

For point two, defendant contends that testimony of Deputy Vaughn, pertaining to certain information he received over the radio before looking for defendant's vehicle, was hearsay and was erroneously admitted into evidence. Vaughn was allowed to state in direct examination the vehicle description he received.

■ Defendant relies on *State v. Young*, 490 S.W.2d 28 (Mo.1973). There a radio dispatcher testified as to the license number of a vehicle. It was held error but not prejudicial in view of the evidence of guilt. In that case the state did not prove that the license number the dispatcher used was the same as observed at the scene. That was proven here. The radio information was proper not to show the truth of the description, but to explain the officer's subsequent actions. As such it was not a violation of the hearsay rule. See *State v. Bright*, 269 S.W.2d 615, 623 (Mo.1954); *State v. Gardner*, 558 S.W.2d 395, 399 (Mo.App.1977). In addition, the testimony could not have been prejudicial in view of the clear and undisputed evidence of the description of the vehicle and its license number.

■ Defendant also complains about the deputy's testimony regarding information he received that a warrant had been issued for defendant's arrest. This testimony was brought out by defendant's cross–examination. A defendant is not entitled to complain about matters brought into the case by his own questions or take advantage of an error of his own making. *State v. Miller*, 593 S.W.2d 898, 899 (Mo.App.1980). Point two is denied.

■ Defendant next contends that the trial court erred in not giving "an instruction from the MAI–CR 2.70 series relating to verdict possibilities." MAI–CR 2d was in effect at the time of the trial. The state agrees that MAI–CR 2d 2.70 should have been given, but contends that the omission was not prejudicial to defendant. We agree. That instruction states:

"2.70 *Verdict Possibilities: One Defendant–Multiple Counts Requiring Separate Verdicts*

The defendant is charged with a separate offense in each Count submitted to you. Each offense and the evidence and law applicable to it should be considered separately. Any evidence which was or has been limited to one of the offenses charged or one purpose should not be considered by you as to another offense charged or for any other purpose.

You may find the defendant guilty or not guilty on any or all of the Counts submitted against him (, or you may find him not guilty by reason of a mental disease or defect excluding responsibility).

You should render a separate verdict as to each Count submitted against the defendant."

Defendant did not contend that no burglary and stealing occurred. The evidence was clear that both had. Defendant claimed that the identification of him as one of the participants was insufficient. In determining whether the omission of this instruction was prejudicial error, we consider the facts and read and consider all the instructions together. *State v. Boyington*, 544 S.W.2d 300, 304 (Mo.App.1976). Here there were separate verdict–directing instructions on each charge, and each instruction carried a paragraph directing acquittal, if the jury did not find all of the elements beyond a reasonable doubt. These advised the jury that it must find different facts to convict appellant of burglary than stealing. Separate guilty and not guilty verdict forms were submitted as to each charge. Under these facts, the omission of MAI–CR 2d 2.70 does not constitute prejudice to de-

fendant. *State v. Boyington*, supra, 544 S.W.2d at 304. See also *State v. Johnson*, 537 S.W.2d 816, 819–820 (Mo.App.1976). Point three is denied.

■ Defendant next contends that Instruction No. 5, which submitted the offense of burglary, was improper as it failed to require the jury to find "that the defendant is not entitled to an acquittal by reason of Instruction No. 10". Instruction No. 10 was defendant's "alibi" instruction. An alibi instruction does not set forth a "special negative defense" which must be referred to in the verdict–directing instruction. No. 2, MAI–CR 2d 2.04; Note 2, MAI–CR 2d 3.20. The verdict–directing instruction did not have to refer to Instruction No. 10. Point four is denied.

■ Point five contends that the trial court erred in failing to instruct the jury that they could find defendant guilty of stealing less than $150 worth of property because the only evidence as to the value of the exhibits introduced at trial was that they were valued at $18.00. However, even if stealing under $150 can be a "lesser included offense" under § 570.030, RSMo 1978, a question we do not reach or answer, there was no evidence that the value of the goods taken was under $150. Under the evidence, whoever took the items that were marked as exhibits from the residence must also have taken the other missing items. The owner of the residence testified that the items taken were worth $2,680. There was no other evidence on the value of all the items taken. A verdict–directing instruction must have evidentiary support, and an instruction on stealing less than a specified amount need not be given where the only evidence of value is that the stolen property was worth more than that amount. *State v. Echols*, 467 S.W.2d 893, 895 (Mo.1971); *State v. Davis*, 544 S.W.2d 600 (Mo.App.1976). Point five is denied.

■ Point six contends that there was insufficient evidence to support the convictions. In testing whether the evidence is sufficient, the evidence and all favorable inferences must be considered in the light most favorable to the state and all evidence and inferences to the contrary disregarded. *State v. Buffington*, 588 S.W.2d 512, 514 (Mo.App.1979). Two men were seen at the residence breaking in a door. Defendant's vehicle was seen leaving the premises shortly after the break-in, containing goods similar to those taken. Although the driver of defendant's vehicle "ducked" down in the seat, apparently so he could not be identified, and part of his face was not in view, Larry Harris was "positive" from seeing the upper part of his head that the driver was defendant. Property identified as taken from the McFarland residence was in the apartment where defendant was arrested. The jury did not have to believe defendant's alibi witness. The evidence was sufficient for the jury to find defendant guilty beyond a reasonable doubt. Point six is denied.

The judgment is affirmed.

All concur.