**STATE of Missouri, Respondent,**

v.

**Gregory BURGIN, Appellant.**

No. 32324.

Missouri Court of Appeals,
Western District.

March 2, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
May 4, 1982.

Application to Transfer Denied
June 14, 1982.

James W. Fletcher, Public Defender, and Sean D. O'Brien, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., and Carl S. Yendes, Asst. Atty. Gen., Kansas City, for respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Appellant Gregory Burgin was found guilty of second degree murder, § 559.020, RSMo 1978 by a jury verdict. Punishment was assessed at 50 years imprisonment.

Judgment affirmed.

Burgin's sole point on appeal concerns the testimony of a Kansas City police detective, while upon cross-examination by Burgin's counsel, which indicated that appellant had been involved in a prior, unrelated crime. The sufficiency of the evidence is not questioned and the jury could have reasonably found facts as next recited.

Burgin, along with his cousins Gerald Smith and Keith Sutherlin all participated in killing one Brenda Lockett with Burgin's .38 caliber weapon. Burgin told a neighbor that he was responsible for killing the victim because of a dispute over money and/or drugs. Burgin was then arrested on a charge of aggravated assault arising out of an incident unconnected with the Brenda Lockett murder. Following waiver of his *Miranda* rights, Burgin mentioned a gun used in the assault, and revealed that this weapon was in his apartment.

At this same investigation, Burgin also made a statement, again following a waiver of his *Miranda* rights, detailing the facts surrounding the Brenda Lockett homicide. In this statement, he related that on the day Ms. Lockett was shot, he and the other two men involved had been "doing dope". He said that his gun was used by Smith to shoot Lockett and that he also fired a shot at the victim. He further stated that he sold the murder weapon for $50 to a stranger. The police later recovered the weapon used in the assault, but tests showed that it was not the murder weapon.

During defense counsel's cross-examination of the interrogating officer, Detective Jerry Hensley, the following exchange transpired:

"Q. But based upon his going to that address or some evidence was seized at that address, is that correct?

A. A gun was seized, yes.

Q. And a test was done on that gun, is that correct?

A. Yes.

Q. And what was the result of the test?

A. *The gun was tested in regard to the aggravated assault case of Gregory—*

(THE FOLLOWING PROCEEDINGS WERE HAD IN THE PRESENCE BUT OUT OF THE HEARING OF THE JURY)

MR. WHEELER: I have taken great pains with this witness not to reveal what the other case is and the witness knows that his testimony is not to reveal what the other case is. In fact his testimony earlier that—it is obvious that the other case had no real reason to be mentioned in this trial and I do believe that this officer has deliberately stated what that other case is.

THE COURT: You opened it up.

MR. WHEELER: I did not open it up.

THE COURT: You most certainly did.

MR. WHEELER: As to what the other case was?

THE COURT: You opened it up by talking about it, talking to him about the time he first started questioning Mr. Burgin. That was carefully avoided by the State on their direct examination and the way your last question is phrased, there is no restriction as to whether or not it was tested in this case. You just read the question back.

(WHEREUPON; THE QUESTION WAS READ BACK BY THE REPORTER.)

THE COURT: He was starting to tell you what the results were, but you didn't limit it. You didn't limit your question or qualify your question in any way. [Emphasis added.]

Burgin then requested that the jury be instructed to disregard the witnesses' answer as unresponsive and prejudicial in that it implied that he was involved in a crime other than the one for which he was charged. This request was denied.

■ Appellant's point was not raised in his motion for new trial and has not been preserved for appellate review. Rule 29.-11(d). *State v. Wickizer,* 583 S.W.2d 519, 523 (Mo. banc 1979); *State v. Miller,* 604 S.W.2d 702, 709 (Mo.App.1980). A review of the alleged error under Rule 29.12(b) discloses that "plain error" did not occur so as to affect the rights of the accused and cause a manifest injustice or a miscarriage of justice if left uncorrected. *State v. Miller, supra* at 706.

■ Appellant is not entitled to complain about matters brought into the case by his own questions or to take advantage of self-invited error. *State v. Miller,* 593 S.W.2d 898, 899 (Mo.App.1980). The record indicates that the weapon recovered in Burgin's apartment was tested in connection with both the assault and the homicide, and as the trial court indicated to defense counsel, his question to Detective Hensley was not restricted to call for an answer only with regard to the homicide. The record also shows that the prosecution scrupulously avoided on direct examination any mention of the assault case and cannot be charged with opening up the topic. The testimony relating to unrelated crimes of appellant is not error as it was invited by an overly broad, open-ended question by defense counsel. *State v. Brown,* 463 S.W.2d 821, 823, (Mo.1971); *State v. Tygart,* 531 S.W.2d 47, 40–50 (Mo.App.1975).

The judgment of the trial court is affirmed.