**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Everett BOULCH, Defendant-Appellant.**

**No. 12660.**

Missouri Court of Appeals,
Southern District,
Division Three.

Nov. 23, 1982.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Hale W. Brown, Hale W. Brown, Jr., Kirkwood, for defendant-appellant.

GREENE, Chief Judge.

Defendant, Everett Boulch, was charged with and jury-tried on three counts of sexual assault in the first degree and one count of incest, all of such charges being felonies. The charges were based on four separate incidents that occurred in August of 1980, during which Boulch was alleged to have had sexual intercourse with his fifteen year old stepdaughter. The jury acquitted Boulch of the three sexual assault charges, but convicted him on the incest charge. The trial court sentenced Boulch to five years' imprisonment on the incest charge, in accordance with the jury verdict. This appeal followed.

■ Defendant's first point relied on is that the trial court committed reversible error in failing to include MAI–CR2d 2.70 [1] in the instructions submitted to the jury because such failure resulted in a compromise jury verdict. This argument has no merit. The trial court submitted separate verdict directing instructions to the jury on each of the four charges. Each of these instructions, which are not attacked here, contained a paragraph that advised the jury that if they did not find and believe from the evidence, beyond a reasonable doubt, each and all factual propositions set out in the instruction, that the jury must find the defendant not guilty of that offense. Separate guilty and not guilty verdict forms were submitted to the jury on each charge. The jury found the defendant guilty on the incest charge and not guilty on the three sexual assault charges. There is nothing in the record to substantiate the claim that the finding of guilty on the incest charge was the result of confusion on the part of the jury that resulted in a compromise verdict. The failure of the trial court to submit MAI–CR2d 2.70 was error, but not prejudicially so. *State v. Bellah,* 603 S.W.2d 707, 710 (Mo.App.1980).

Defendant's remaining contention is that the trial court committed prejudicial error by orally giving MAI–CR2d 1.10 (the "hammer" instruction) [2] and not providing the

---

1. "The defendant is charged with a separate offense in each Count submitted to you. Each offense and the evidence and law applicable to it should be considered separately. Any evidence which was or has been limited to one of the offenses charged or one purpose should not be considered by you as to another offense charged or for any other purpose.

    You may find the defendant guilty or not guilty on any or all of the Counts submitted against him (, or you may find him not guilty by reason of a mental disease or defect excluding responsibility).

    You should render a separate verdict as to each Count submitted against the defendant."

2. "It is desirable that there be a verdict in every case. The trial of a lawsuit involves considerable time and effort, and the parties are entitled to have their rights determined once and for all in every case. The twelve jurors chosen to try this case should be as well qualified to do so as any other twelve that might hereafter be chosen. Open and frank discussion by you in your jury room of the evidence in this case may aid you in agreeing upon the facts; however, no

jury with a written copy of the instruction as is suggested in the Notes on Use for that instruction.

 The record indicates that the jury retired to deliberate at 6:05 p.m. At 8:55 p.m., the jury returned to the courtroom and announced it was divided eight to four. The trial judge then read MAI–CR2d 1.10 to the jury and sent them back to deliberate without giving them a written copy of the instruction. At 10:35 p.m., the jury returned the verdicts in question. Defense counsel did not raise this issue in his motion for new trial, but requests plain error review under Rule 30.20.[3] Such a review is not justified as we find no manifest injustice or miscarriage of justice occurred by the failure of the trial court to hand the jury a written copy of the instruction. There is nothing in the record to support defendant's claim that such failure resulted in a compromise verdict.

The judgment is affirmed.

All concur.

---

juror should ever agree to a verdict that violates the instructions of the Court, nor find as a fact that which under the evidence and his conscience he believes to be untrue. Yet each of you should respect the opinions of your fellow jurors as you would have them respect yours, and in a spirit of tolerance and understanding endeavor to bring the deliberations of the whole jury to an agreement upon a verdict."

**3.** All references to rule are to Missouri Rules of Court, V.A.M.R.