**STATE of Missouri,
Plaintiff-Respondent,**

v.

**John Robert RITCHIE,
Defendant-Appellant.**

No. 14002.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 18, 1985.

William L. Webster, Atty. Gen., Paul La-Rose, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Kathleen Murphy Markie, Columbia, for defendant-appellant.

PREWITT, Chief Judge.

Appellant was convicted, following trial by jury, of two counts of burglary in the second degree and one count of stealing without consent.  He was sentenced as a persistent offender to twelve years' imprisonment for one of the burglaries, eleven years for the other burglary, and eleven years for stealing, the sentences to run concurrently.

Appellant contends the trial court erred in overruling his motion to suppress as evidence items taken from the back seat of a car that appellant had been driving just before his arrest.  These items were later identified as having been taken in the burglaries that appellant was charged with committing.

On January 29, 1984, at approximately 2:25 a.m., appellant was driving a car on the streets of Springfield when it was seen by a police officer, "weaving from side to side".  The police officer followed the vehicle to where it stopped near a hospital emergency room.  One of the occupants of the vehicle went into the emergency room.  As the officer approached the car appellant

stepped out. After the officer smelled intoxicants on appellant's breath, he had appellant perform "field sobriety tests". Appellant was then arrested for driving while intoxicated.

Numerous items were visible in the back seat of the car. Before talking to defendant the officer had heard a report of one of the burglaries. While waiting for a wrecker to tow the car appellant had been driving, the police officer heard a report on another burglary. He called the officer investigating that burglary and got a list of the missing items. The items taken in the burglary "sounded" to the officer "like the same" items as those in the back seat of the car. Early that same morning, the car was towed to the police station where the items were removed from the back seat.

Appellant contends that the seizure of the items does not fit within the search incident to arrest exception or any other exception to the requirement of a warrant. There is no contention that appellant's arrest for driving while intoxicated was unjustified or that impounding the vehicle was improper.

 "An officer may seize items without a warrant if (1) the evidence is observed in plain view while the officer is in a place where he has a right to be, (2) the discovery of the evidence be inadvertent, and (3) it is apparent to the officer that he has evidence before him." *State v. Bellah*, 603 S.W.2d 707, 709 (Mo.App.1980). These requirements were met here. The officer saw the items while he was where he had a right to be. The discovery was inadvertent as the officer did not know the location of the evidence until he saw it in the car. From the information the officer received on the items taken in the burglary, he reasonably could have believed he had evidence before him.

That the items were removed from the car after it was taken to the police station does not make their seizure invalid. See *State v. Whitehead*, 675 S.W.2d 939, 944 (Mo.App.1984). Compare also *United States v. Johns*, 469 U.S. ——, 105 S.Ct.

881, 83 L.Ed.2d 890 (1985); *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *Texas v. White*, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975); *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

The trial court properly denied appellant's motion. The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.