**STATE of Missouri, Respondent,**

v.

**Kevin SMITH, Appellant.**

**No. WD 52411.**

Missouri Court of Appeals,
Western District.

Nov. 12, 1996.

Rose M. Wibbenmeyer, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Cheryl A. Caponegro, Assistant Attorney General, Jefferson City, for respondent.

Before ELLIS, P.J., and LOWENSTEIN and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

Kevin Smith was charged with trafficking in the second degree. In response to a question by defense counsel, a police officer testified at trial that Mr. Smith had previously been arrested for possession of crack cocaine. The trial judge refused defense counsel's request for a mistrial, and defendant requested no other relief. Defendant appeals the jury's guilty verdict.

Because the comment about a prior arrest was made without any fault on the part of the prosecutor or evidence of bad faith on the part of the witness, it was responsive to the question, it was not emphasized and there was substantial other evidence of guilt, we find the trial judge did not abuse his discretion in denying the motion for mistrial. Judgment affirmed.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

Kevin Smith was arrested for leaving the scene of an accident. His van was impounded and inventoried. In the van, police found drug paraphernalia and two plastic bags containing twenty-five small rocks of crack cocaine and one large rock of crack cocaine. Mr. Smith was then charged with the Class A felony of trafficking in the second degree in violation of § 195.223, RSMo 1994.

At the pretrial conference the question arose whether the prosecutor would be permitted to introduce evidence of a prior cocaine conviction. The prosecutor stated that he did not intend to bring up the prior conviction in his case-in-chief, but might use it as rebuttal evidence of Mr. Smith's knowledge that the substance found in his possession was cocaine if defendant claimed in his defense that he did not know the substance was cocaine. The prosecutor also told the judge that he would request a conference regarding admissibility of this rebuttal testimony before offering it at trial.

In preparation for trial, the prosecutor instructed his witnesses not to mention Mr. Smith's prior arrest or conviction. The prosecutor did not ask about the prior arrest or conviction in his case-in-chief, and the witnesses did not offer any testimony about it until Mr. Smith's counsel asked Officer Tom Bolling why he believed the substance that police found in Mr. Smith's van was crack cocaine. Mr. Bolling answered, "Several things." Only when defense counsel asked the officer what the several things were that led him to believe that the substance was crack cocaine did the officer respond:

A: One, I've seen crack cocaine before; two, it was in a Chore Boy box, which is involved in the use of crack cocaine; three, Mr. Smith has been arrested for possession of crack cocaine before. There was any number of things that led to that belief.

Defense counsel immediately moved for a mistrial. The trial court denied the motion. Defense counsel did not further object to Officer Bolling's testimony or request lesser relief in the form of striking the answer or instructing the jury to disregard it. To the contrary, a few minutes later he again asked the officer a question which, if accurately responded to, would have revealed evidence of prior crimes. The prosecutor requested a bench conference at which he pointed this out and defense counsel withdrew the question. The trial proceeded without further mention of Mr. Smith's prior arrest or conviction. The jury found Mr. Smith guilty, and the trial court sentenced him to 20 years imprisonment. This appeal followed. The sole issue before us is whether the trial court

erred in refusing defendant's request for a mistrial.

## II. *STANDARD OF REVIEW*

■■ A mistrial is a drastic remedy that should be granted only in extraordinary circumstances. The trial court is in the best position to evaluate whether the incident caused prejudice, and the decision whether to grant a mistrial is in its discretion. We will therefore reverse the trial court's denial of a mistrial only if we find an abuse of discretion. *State v. Johnson*, 901 S.W.2d 60, 62 (Mo. banc 1995); *State v. Silas*, 885 S.W.2d 716, 720 (Mo.App.1994); *State v. Thurlo*, 830 S.W.2d 891 (Mo.App.1992).

## III. *THE TRIAL COURT DID NOT ERR IN DECLINING TO GRANT A MISTRIAL*

Both parties agree that evidence of other crimes is not admissible to prove that the defendant committed the crime in question.[1] The issue before us is not the admissibility of the evidence of Mr. Smith's prior arrest, however. The issue we must decide is whether the admittedly erroneous admission of this evidence of other crimes was so prejudicial that the trial court abused its discretion in refusing to grant a mistrial.

In most cases in which the prejudicial error is elicited in response to a question by defense counsel, the courts hold that a mistrial is not required because a defendant "is not entitled to complain about matters brought into the case by his own questions or to take advantage of self-invited error." *State v. Burgin*, 633 S.W.2d 124, 125 (Mo. App.1982).[2] This rule makes good policy sense. If a mistrial were required whenever defense counsel elicited inadmissible testimony about other crimes, it would tempt counsel to elicit such testimony if the trial was not going well for the defendant. By limiting the circumstances in which a mistrial is declared to those in which the prosecutor has elicited or taken advantage of the improper testimo-

ny, this situation is avoided while defendant's right to a fair trial is protected.

In this case, however, there is a serious question whether defense counsel can be considered to have invited the response he received from the officer. Defense counsel did ask the witness to specify the reasons for his belief that the substance he found in defendant's van was cocaine, and we have no reason to disbelieve the witness' response that one of those reasons was indeed his knowledge of defendant's prior arrest for cocaine possession. On the other hand, defense counsel was aware that the court had said not to refer to the prior arrest and that the prosecutor had specifically instructed this witness and the other prosecution witnesses not to refer to Mr. Smith's prior arrest in their testimony. In these circumstances, defense counsel may reasonably have believed that the witness would not violate these instructions by mentioning the arrest in response to defense counsel's question.

For purposes of this appeal, we will thus treat the answer as one volunteered by the witness without invitation by defense counsel. In analyzing the prejudicial effect of uninvited reference to other crimes evidence, the courts generally examine five factors:

1) whether the statement was, in fact, voluntary and unresponsive [to the prosecutor's questioning if the prosecutor asked the question] ... or whether the prosecution "deliberately attempted to elicit" the comments ...; 2) whether the statement was singular and isolated, and whether it was emphasized or magnified by the prosecution, ...; 3) whether the remarks were vague and indefinite, or whether they made specific reference to crimes committed by the accused, ...; 4) whether the court promptly sustained defense counsel's objection to the statement, ... and instructed the jury to disregard the volunteered statement, ...; and 5) whether in view of the other evidence presented and the strength of the state's case, it appeared

---

1. *See State v. Mallett*, 732 S.W.2d 527 (Mo. banc), *cert. denied*, 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987); *State v. Kalagian*, 833 S.W.2d 431 (Mo.App.1992).

2. *Accord, State v. Tatum*, 824 S.W.2d 22 (Mo. App.1991); *State v. Miller*, 593 S.W.2d 898 (Mo. App.1980).

that the comment "played a decisive role in the determination of guilt."

*State v. Silas,* 885 S.W.2d 716, 720 (Mo.App. 1994). We will analyze the application of each factor in turn.

Factor one involves, in essence, an inquiry into whether the evidence of other crimes was injected into the case innocently or whether it resulted from bad faith on the part of the prosecutor or the witness. Assuming as we do that the set of circumstances in this case is not adequate to constitute an invitation by defense counsel for the witness to mention the prior arrest, the witness' answer was nonetheless responsive to defense counsel's question. It was volunteered without any evidence of bad faith or connivance on the part of the state or the witness. Indeed, the prosecutor had specifically instructed his witnesses not to mention defendant's prior arrest.

In addition, a few minutes after the reference to Mr. Smith's prior arrest in response to defense counsel's question, defense counsel again asked Officer Bolling an open-ended question about whether he had any other sources of knowledge about what Mr. Smith knew about the drugs in the back of his van. Aware that the answer to this question called for revelation of further evidence of prior crimes, the prosecutor himself raised this issue with the court in a bench conference, as a result of which defense counsel withdrew the question. Clearly, the prosecutor was trying to avoid injection of prejudice into the case. On this evidence, the first factor strongly favors a finding of no abuse of discretion in denying the mistrial.

The second factor—whether the reference to Mr. Smith's prior arrest was singular or whether it was emphasized—also favors a finding of no abuse of discretion. The comment was an isolated occurrence. Not only did prosecutor not attempt to take advantage of it, he prevented a repetition of the error by stopping defense counsel from asking another question that might result in a similar answer.

The third factor weighs in favor of defendant. The remark was not vague, but rather clearly referred to defendant's alleged prior arrest for possession of crack cocaine. The question remains how prejudicial it was. That is determined in part by consideration of factors four and five.

Evaluation of the fourth factor—whether the court promptly sustained defense counsel's objection and instructed the jury to disregard the comment—is more complex. The court did not sustain an objection or instruct the jury to disregard the statement, but defense counsel did not ask him to do so. He asked for a mistrial, and when it was denied, did not request any other relief.

■ The Supreme Court and the courts of appeal have repeatedly held that the "declaration of a mistrial is a drastic remedy to be employed only in the most extraordinary of circumstances. . . . The fact that the defendant sought no relief other than a mistrial cannot aid him." *State v. Gilmore,* 681 S.W.2d 934, 943 (Mo. banc 1984). *Accord, State v. Thurlo,* 830 S.W.2d 891, 893–94 (Mo. App.1992). To the contrary, such failure on the part of defendant to present the trial court with "a choice of some form of corrective relief short of a mistrial, dulls any inclination on the part of this court to label the trial court with an abuse of discretion for not declaring a mistrial." *State v. Tygart,* 531 S.W.2d 47, 50 (Mo.App.1975). For this reason where, as here, defendant did not ask for an instruction, then we will consider the failure to grant a mistrial an abuse of discretion only if we find that the reference was so prejudicial "that its effect could not have been removed by direction to the jury." *Thurlo,* 830 S.W.2d at 894.

The final factor—the strength of the state's case—also concerns the potential prejudice caused by the improper remark. If we conclude that the improper evidence may have played a decisive role in the jury's verdict, then we are far more likely to find an abuse of discretion than we would be if the other evidence of guilt were strong or overwhelming. *Gilmore,* 681 S.W.2d at 943; *Silas,* 885 S.W.2d at 720. Here, the comment went to defendant's possession of cocaine, but not to the question of whether he trafficked in it. The evidence of drug trafficking was strong, although not overwhelming. The cocaine was found during an inventory of the

defendant's impounded van. It was stored in plastic bags inside a Chore Boy box, alongside a Crown Royal bag, a broken antenna, a copper scouring pad and a pager, all of which are known to be drug paraphernalia. The number of cocaine rocks found was large—25 individually wrapped rocks. The police also found one large rock of cocaine. The size and number of the rocks indicated defendant possessed a dealer quantity of the drug.

In these circumstances, and considering all of the factors set out above, we cannot say that the single comment by Officer Bolling played a decisive role in the verdict or that any error in admission of the comment could not have been cured by an instruction to the jury. For this reason, we conclude that the trial court did not abuse his discretion in denying defendant's request for a mistrial, and we affirm the judgment of the trial court.

All concur.