STATE of Missouri, Respondent,

v.

Robert H. RICE, Appellant.

No. SD 34505

Missouri Court of Appeals,
Southern District,
Division Two.

FILED: April 3, 2017

Appellant's attorney: Jedd C. Schneider

Respondent's attorneys: Chris Koster and Nathan J. Aquino

DANIEL E. SCOTT, J.

Robert Rice appeals his conviction for manufacturing methamphetamine. Although he was arrested in a trailer that had meth–making ingredients, meth residue, and an active meth lab then filling the premises with toxic fog, Rice asserts that no reasonable jury could have concluded that he was involved in meth–making, and that the court also erred in denying a mistrial request. We affirm.

## Background [1]

Tipped by an informant, officers approached a single-wide trailer in rural Iron County and, while still outside, noted an "extremely strong" ammonia odor indicative of meth production emanating from within. They knocked and announced their presence, but received no response, then entered the trailer where they met thick haze or fog that burned their eyes and irritated their lungs. Present throughout the trailer, this fog was among the strongest these officers had encountered in their many meth lab investigations.

The officers escorted Rice and another man, who were feigning sleep in the living room, outdoors for their safety and to ventilate the trailer. After securing a search warrant, the officers found meth-making material throughout the trailer along with liquid and solid meth residue. A propane heater, such as used to evaporate liquid meth to solid, was within arm's reach of where Rice had pretended to be asleep. An active meth lab in a bedroom was visible from the living room, generating the trailer-wide fog.

At a trial where Rice declined to testify or present evidence, the defense acknowledged the meth-making, but challenged the inference that Rice was involved. Jurors took less than 15 minutes to find Rice guilty, and he was sentenced to prison as a persistent offender.

## Sufficiency of Evidence

■ Rice admits the State's proof was sufficient to show that he knew meth was being manufactured in the trailer, but denies it was sufficient to show that he (1) actually or constructively possessed the meth-making materials, or (2) engaged or was complicit in the manufacturing process.

■ We look to all factors and the totality of circumstances to determine whether incriminating circumstances sufficiently connected Rice to the meth-making materials and operation. *Zetina–Torres*, 482 S.W.3d at 808. It is not whether this court believes the evidence proved Rice's guilt, but whether, viewing the record most favorably to the State, any rational factfinder could have found the crime's essential elements beyond a reasonable doubt. *Id.* at 806. The State may meet its burden with circumstantial evidence, which "is given the same weight as direct evidence in considering whether there was sufficient evidence to support a conviction." *State v. Alexander*, 505 S.W.3d 384, 393 (Mo.App. 2016).

■ Because Rice did not exclusively control the trailer, the State needed "some incriminating evidence" from which Rice's access to and control over the meth-making materials could be inferred. *State v. Farris*, 125 S.W.3d 382, 387–88 (Mo.App.

1. We view and summarize the record in accordance with our standard of review, crediting all evidence and reasonable inferences that tend to support the verdict and ignoring all those to the contrary. *State v. Zetina–Torres*, 482 S.W.3d 801, 806 (Mo. banc 2016).

2004). These might include proximity to materials in plain view, presence of a strong odor, and consciousness of guilt, which includes attempts to deceive the police, *id.* at 388, all of which could be found in this case. Further, a strong odor associated with meth production can "provide[ ] incriminating evidence of the *intent* to manufacture methamphetamine." *State v. Davis*, 147 S.W.3d 84, 88 (Mo.App. 2004) (our emphasis). Moreover, Rice faked being asleep in circumstances where that would have been impossible (as we must view the record), allowing jurors to infer Rice's consciousness of guilt. *Compare State v. Girardier*, 484 S.W.3d 356, 362 (Mo.App. 2015) (not responding when addressed and attempting to disguise oneself can demonstrate consciousness of guilt).[2]

■ From such evidence, jurors could reasonably draw the inferences necessary to find Rice guilty of the crime's essential elements beyond a reasonable doubt. *Zetina–Torres*, 482 S.W.3d at 806. This jury was instructed that Rice's presence at the scene was not alone sufficient to find him guilty. *See* MAI–CR3d 310.08 (2013). We presume that instruction was followed. *State v. Fritz*, 480 S.W.3d 316, 328 (Mo. App. 2016). Which evidence is believed and what inferences are drawn is "left to the jury, not to judges deciding what reasonable jurors must and must not do." *State v. Jackson*, 433 S.W.3d 390, 399 (Mo. banc 2014). Presented with competing inferences to be drawn from the evidence, this jury rejected the defense's inferences and accepted the State's, as it was free to do. *See State v. Ralston*, 400 S.W.3d 511, 518–19 (Mo.App. 2013).

Considering the totality of circumstances, and as we must view the record, there was sufficient incriminating evidence for jurors to find Rice guilty of manufacturing methamphetamine as charged, either alone or in conjunction with others. Point I fails.

## Mistrial Request

One of the officers testified that he got involved after he received confidential information "that three subjects, Robert Rice, Robert Garner and Lisa Adams were manufacturing –," at which point the trial court sustained defense counsel's hearsay objection. Defense counsel then requested a mistrial, which was denied.

■ Rice challenges this denial. We review for abuse of discretion, which we find only when the ruling was so clearly illogical, arbitrary, and unreasonable "as to shock one's sense of justice and indicate a lack of careful consideration." *State v. Hicks*, 501 S.W.3d 914, 916 (Mo.App. 2016). Mistrial is a drastic remedy that lies "only in those extraordinary circumstances in which the prejudice to the defendant cannot otherwise be removed." *Id.*

The trial judge, who was best positioned to discern any prejudice, *id.* noted that the defense "fortunately objected timely so it didn't get out." The defense sought no curative instruction or other remedy besides mistrial. "[W]here, as here, defendant does not ask for an instruction, then we will consider the failure to grant a mistrial an abuse of discretion only if we find that the reference was so prejudicial that its effect could not have been removed

---

**2.** This last factor (among others) distinguishes this case from, *e.g., State v. Withrow*, 8 S.W.3d 75 (Mo. banc 1999), where proximity to manufacturing materials, a strong solvent odor, etc., did not make a submissible case of attempted meth manufacturing because "[n]othing beyond being present in the room truly connect[ed] defendant to the manufacturing apparatus or the [meth-producing] jar in the [locked bedroom] closet." *Id.* at 81.

by direction to the jury." *State v. Smith*, 934 S.W.2d 318, 321 (Mo.App. 1996) (internal quotation omitted). Prejudice, if any, from the testimony in question fails to remotely approach this high standard for mistrial. Point denied. Judgment and conviction affirmed.

NANCY STEFFEN RAHMEYER, J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS