STATE of Missouri, Respondent,

v.

Avery PARKER, Appellant.

No. 56765.

Supreme Court of Missouri,
Division No. 2.

Feb. 22, 1972.

David W. Russell, Robert G. Duncan, Lewis E. Pierce, Pierce, Duncan & Russell, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Avery Parker was found guilty by a jury of burglary and stealing in conjunction with burglary and sentenced to imprisonment for a term of seven years for burglary and a term of four years for stealing, the sentences to run concurrently.

Sidney Joshua Ostrovsky returned to his apartment in Clay County on January 29, 1970, and found that a door had been forced open, and that various items had been taken, including a tailor-made blue suit with gold stripes. Police detective Michael DeFrank investigated the burglary, and obtained a description of the missing items. Subsequent-

ly Mr. DeFrank saw a blue suit with gold stripes being worn by appellant, who at the time was at the Kansas City Police Department. Mr. Ostrovsky identified the suit as his and as the one that had been taken from his apartment.

Mr. and Mrs. Terry Rausch, who were divorced at the time of the trial, lived in the same apartment complex where the Ostrovsky apartment was located. In the early evening of January 23, 1970, when they left their apartment they saw a gray 1961 Lincoln Continental automobile with a broken taillight reflector going the wrong way on a one-way street. The Lincoln automobile parked alongside their automobile. Both Mr. and Mrs. Rausch identified the appellant as the person operating the Lincoln automobile. When they returned a few minutes later they noticed that the Lincoln automobile was still parked in front of the apartments, that the lights in their apartment were burning, and that the door to their apartment was locked from the inside. They went to an apartment directly above theirs and called the police. While looking from the window Mrs. Rausch saw some persons getting into the Lincoln automobile, and she saw that it had Kansas license plates and that the middle numbers were "02."

Appellant first contends that the trial court erred to his prejudice when it overruled his objection to the testimony of Brenda Marriott, the former Mrs. Rausch, and of Terry Rausch which was "testimonial surmise of a burglary and stealing separate and distinct from the crime defendant was charged."

Appellant presents two arguments, somewhat inconsistently. He first asserts that the testimony of these two witnesses tended to show the commission by him of a burglary with which he was not charged, and he contends that as a general rule the showing of the commission of crimes other than that charged in the information is erroneous, with certain exceptions, State v. Tillman, Mo., 454 S.W.2d 923, V.A.M.S., and he contends that none of the exceptions

are applicable. He then argues that neither witness "offered evidence more than a surmise that their apartment was being robbed [sic] on the evening of January 28, 1970, a mere impression aroused by discovering their apartment door locked from the inside and seeing their apartment lights on." If the latter contention is correct, the testimony probably was not relevant, but a judgment is not to be reversed because of the admission of irrelevant and immaterial evidence which is not prejudicial to the defendant. State v. Smith, Mo., 431 S.W.2d 74, 79; State v. Spica, Mo., 389 S.W.2d 35, certiorari denied 383 U.S. 972, 86 S.Ct. 1277, 16 L.Ed.2d 312. However, assuming this testimony tended to show the commission of a burglary of the Rausch apartment we conclude it was not erroneous.

■ One of the recognized exceptions to the general rule excluding evidence of crimes other than the one charged pertains to evidence which may tend to establish the identity of the defendant. State v. Kornegger, 363 Mo. 968, 255 S.W.2d 765; State v. Smith, supra. After Brenda Marriott saw that the license number of the Lincoln automobile contained the numbers "02" the police were called and a "pickup order" was sent out over the police radio. Police officer Elmer Sellmeyer saw the Lincoln and stopped it. Appellant was in the automobile and admitted ownership. At that time appellant was wearing the blue suit with gold stripes which had been taken from the Ostrovsky apartment. At trial Brenda Marriott and Terry Rausch identified appellant as the person they saw in the Lincoln automobile. This testimony placed the appellant in the area where the Ostrovsky apartment was located. It was essential for the State to present the evidence of identification of appellant and the automobile to the jury in such a manner that it would demonstrate the reason for the witnesses remembering what appellant looked like, and why Brenda Marriott would look at the license number and remember that two of the numbers were "02." The testimony concerning what the Rausches saw at their apartment, and what they thereafter did added substantially to the credibility of their testimony of the identity of the appellant as being in the area, and as to their identification of appellant and the Lincoln automobile. Under these circumstances, we conclude no error resulted from the testimony of Brenda Marriott and Terry Rausch as to why their attention was directed to appellant and his automobile even though the testimony may have tended to indicate that another burglary was being committed.

During the examination of Police Officer Sellmeyer, who had stopped appellant in the Lincoln automobile, the following occurred:

Q. What did you do with defendant after the car was stopped?

A. He was placed in our patrol car, the vehicle was searched. Later a weapon was found in the vehicle and he was taken and booked.

Appellant objected and asked that the answer be stricken, and he also moved for a mistrial. The court sustained the motion to strike the answer, but it refused the request for mistrial.

During the examination of Police Officer DeFrank he stated that after he saw appellant wearing the blue suit with gold stripes, he and his partner "decided that we should probably check into this suit business a little bit further so we got ahold of Mr. Ostrovsky and he accompanied us to the Jackson County jail where the subject was being held for other charges, I understand." Appellant objected on the ground that the answer was unresponsive, and he also requested a mistrial. The court sustained the objection, but it refused the motion for a mistrial.

■ In neither case did appellant ask for any relief which was not granted, except a mistrial. As has frequently been said by this court, the declaration of a mistrial is a drastic remedy and should be granted only in those circumstances when the incident is

so grievous that the prejudicial effect can be removed no other way. State v. Camper, Mo., 391 S.W.2d 926; State v. James, Mo., 347 S.W.2d 211. The remarks objected to were volunteered by the witnesses. Errors of this nature cannot always be avoided, but when they do occur it is the duty of the trial court, who has observed the incident and is in a better position than an appellate court to evaluate the prejudicial effect, if any, to determine the possibility of its removal by action short of a mistrial. In this respect the trial court necessarily must be vested with broad discretion. In the exercise of that discretion, the trial court concluded that in this case a mistrial was not required. We do not know whether the trial court would have instructed the jury to disregard the testimony or have taken other remedial action if requested, but no such relief was requested, and we cannot assume that it would not. The function of an appellate court is to determine whether as a matter of law the trial court abused its discretion in refusing a mistrial. We rule that it did not.

Appellant's third and last point is a challenge to the information. He contends it is fatally defective because it alleged that "Avery Edward Parker did then and there wilfully and feloniously break and enter a dwelling place, the property of Sid Joshua Ostrovsky, with felonious intent then and there to steal." Appellant contends that the information should have alleged that appellant broke into and entered the dwelling place "with the intent to steal '*therein*.'"

Rule 24.01, V.A.M.R., provides that an information "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." This court has "long ago departed from the extremely technical requirements of common law indictments and informations." State v. Brookshire, Mo., 368 S.W.2d 373, 380. An information is not to be held insufficient for failure to follow the exact words of a statute if words of similar import are employed. State v. Simone, Mo., 416 S.W.2d 96. It cannot se-

riously be contended that appellant was misled as to the charge against him by the allegation that he broke and entered into the apartment "with felonious intent then and there to steal" instead of "with felonious intent to steal therein." We find no merit to this extremely technical contention.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All the Judges concur.