**STATE of Missouri, Respondent,**

v.

**Ellery Samuel FORD, Appellant.**

No. 46755.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 10, 1984.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

The state charged armed store robbery by defendant Ford and another. The jury found defendant guilty. The trial court fixed defendant's punishment at ten years in prison. He appeals.

The state's basic evidence: Around midnight two armed men, defendant and Donald Coleman both masked and armed entered a fried chicken store; they ordered manager Nugent and clerk Grant to lie down; the robbers took over $200 in cash and fled; customer had seen the robbery and called police; as they gave chase Coleman discarded the money, his mask and

weapon; police finally arrested defendant as he fled; victim Nugent identified him.

Defendant neither testified nor offered evidence.

By defendant's primary point he challenges the trial court's voir dire statement that defendant did not have to testify. After the prosecutor had told the veniremen the state had the burden of proof and that defendant did not have to prove anything, the court on its own motion added:

> "The state has the burden to prove him guilty, he doesn't have to prove himself innocent. And he's not required to put on any evidence at all. *He doesn't have to testify himself.* (Our emphasis.) He didn't have to put on any witnesses at all and its up to the state to prove the case."

Defendant promptly objected and when the court overruled that, defendant asked for a new trial which the court denied.

> "The Missouri Constitution, Article I, § 19, provides, in part, 'That no person shall be compelled to testify against himself in a criminal cause, . . .' This constitutional provision prohibits direct *or indirect* comments on the failure of a defendant to testify." (Our emphasis.)

*State v. Reed,* 583 S.W.2d 531, 534–535 (Mo.App.1979).

Defendant relies primarily on cases condemning statements a defendant did not have to testify: *State v. Lindsey,* 578 S.W.2d 903 [1–3] (Mo. banc 1979) and *State v. Gray,* 503 S.W.2d 457 [7–9] (Mo.App. 1973).

In LINDSEY defendant challenged a voir dire statement by the prosecution who as here referred to the presumption of innocence and the state's burden of proof, but then added:

> "Mr. Lindsey doesn't have to go forward with any evidence if he doesn't wish to. He doesn't have to take the stand if he doesn't want to—. . . ."

Unlike our case the trial court sustained the defense objection. Even so, on appeal

the court reversed holding the cited constitutional provision prohibits not only comments on a defendant's failure to testify but also comments which have the effect of compelling a defendant to testify. The court ruled that the quoted prosecutorial statement, even though that defense objection unlike our case was sustained by the trial court, saying:

"The italicized language used by the Assistant Prosecuting Attorney was of such character that the jury would naturally and necessarily be influenced so as to deny appellant a fair trial. Conduct which naturally and necessarily has the effect of denying an accused a fair trial can never be harmless."

And in the cited GRAY case the trial court asked defendant "Are you going to testify?" Although no objection was made then or after trial, on appeal the court ordered a new trial. It held the statutory purpose was "to keep absolutely from the jury any reference to the constitutional right against self-incrimination." In reversing the court added that this rule is "fundamental to our system of justice".

In *State v. Croka*, 646 S.W.2d 389 (Mo. App.1983), on voir dire the prosecutor said: "I anticipate the defendant will testify." In reversing the court ruled: "Such comments influence the jury so as to deny the defendant a fair trial and can never be harmless." That prosecutorial comment was stronger than the court's comment challenged here. But we consider that the voir dire remark ("He doesn't have to testify himself.") was given added weight because it was volunteered by the trial court which then denied defendant's objections.

The state's brief cites no case upholding the challenged statement by the court. Cases recited by the state condemn such a statement.

It is unnecessary to rule on other points raised by defendant.

Reversed and remanded.

KAROHL, P.J., and REINHARD and CRANDALL, JJ., concur.