**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Thomas WEST, Defendant–Appellant.**

**No. 17150.**

Missouri Court of Appeals,
Southern District,
Division One.

May 22, 1991.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Rosalynn Koch, Columbia, for defendant-appellant.

MAUS, Presiding Judge.

A jury found defendant Thomas West guilty of two counts of forcible deviate sexual intercourse with T.R., § 566.060.2, and one count of attempted forcible rape of T.R., § 566.030.2. The jury assessed his punishment at imprisonment for 15 years upon each of the three counts. The trial court sentenced the defendant in accordance with the verdicts. It ordered the sentences upon the two counts of forcible deviate sexual intercourse to run concurrently and the sentence upon the count of attempted forcible rape to run consecutively to those sentences. The defendant appeals.

The defendant does not question the sufficiency of the evidence. The following is an outline of the facts established by testimony of the victim. She was 15 years old. She is the biological child of defendant, although he was not married to her mother. The victim had no memory of the defendant having lived with her and her mother. She saw him only infrequently.

During the afternoon of February 11, 1990, the victim, her sister (not the child of the defendant) and a friend went to the home of a mutual friend for a barbecue. The mutual friend lived in a nearby community. When it was time for the barbecue, the victim went next door to borrow a plate. The defendant was there with several other people. They were drinking. The victim and defendant spoke.

The person who was supposed to have provided the three girls with transportation back to their homes did not materialize. One of the group arranged for the defendant to take them home. They got in the two-door automobile the defendant was driving. The victim was in the front seat and the other two girls were in the back seat. The door on the passenger's side of the automobile would not open.

The defendant drove to the home of the victim. The sister and the friend got out of the car. The defendant prevailed upon the victim to go with him to see a car he was going to buy. Instead, he drove to a convenience store where he bought beer and wine coolers. He then drove to an isolated place near a cemetery. There he forced the victim to commit an act of sodomy upon him. He forcibly performed an act of sodomy upon her. He then attempted to forcibly rape her.

The defendant testified. He denied the offenses and attempted to relate a different version of the events after the sister and the friend left the automobile. His testimony was jumbled and self-contradictory.

■ The defendant's sole point on appeal is

"[t]he trial court committed plain error in failing to grant a mistrial when the state in voir dire stated, '*If the defendant would testify in this case ...*' because such statement violated appellant's state and federal constitutional right against self-incrimination in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19(a) of the Missouri Constitution, in that it had the effect of compelling appellant to testify." (Emphasis added.)

To support that point, he cites *State v. Lindsey,* 578 S.W.2d 903 (Mo. banc 1979) and *State v. Croka,* 646 S.W.2d 389 (Mo. App.1983). In *Lindsey,* during voir dire the prosecuting attorney said: "Mr. Lindsey doesn't have to go forward with any evidence if he doesn't wish to. He doesn't have to take the stand if he doesn't want to—". *Lindsey* at 903. The defendant thereupon immediately requested a mistrial. In *Croka,* the prosecuting attorney said: "I think there will be three, maybe four, testify for the State, and I anticipate the defendant will testify. And I anticipate, as I always do in a criminal trial, that the testimony from each side will conflict." *Croka* at 390. The defendant objected at an appropriate time.

■ "The purpose of voir dire is to discover the state of mind of prospective jurors and determine by examination which harbor bias or prejudice against either party which would render them unfit to serve as jurors." *State v. Leisure,* 749 S.W.2d 366, 373 (Mo. banc 1988). The scope of proper inquiry includes the discovery of a venireman's partiality toward a category of testimony. For example, a defendant is entitled to inquire if any venireman would be more likely to believe the testimony of a law enforcement officer than any other witness. *State v. Hyzer,* 729 S.W.2d 576 (Mo. App.1987). "The purpose of voir dire is to enable each party to participate in selection of a fair and impartial jury". *State v. Smith,* 649 S.W.2d 417, 428 (Mo. banc 1983). The limitation on the voir dire upon which the defendant relies has been succinctly and aptly stated.

"Article I, § 19 of the Missouri Constitution provides, in part, 'That no person shall be compelled to testify against himself in a criminal cause, ...' This language prohibits not only comments on the failure of a defendant to testify (see § 546.270, RSMo 1969, and *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1964)), but also comments which have the effect of compelling a defendant to testify. The use of language which has either effect must be condemned. 'The effect of the remarks must have been either to coerce the defendant to testify, as has been said, "with a halter about his neck," or to induce him to remain silent, with knowledge that the jury had been challenged in the outset to observe whether or not he would go upon the stand under the goad of the prosecutor's statement.' *Coleman v. State,* 111 Ind. 563, 13 N.E. 100, 101 (1887)." *State v. Lindsey,* 578 S.W.2d at 904.

The statement of the prosecuting attorney quoted in the defendant's point must be considered in context. It was not an isolated statement. It was made after a brief explanation of the case and in the course of general questions of the jury concerning their attitudes on a number of subjects. The following is an extract of the voir dire.

"It'll be up to you to judge what is the truth in this case. And in this case I'm going to offer the testimony of the victim and probably some brief testimony by the mother and that's gonna be it. Knowing that, does anybody feel they're not capable of sittin' on the jury and making this decision?

Does anybody on the jury right now feel like they've already made up their mind in this case, that they already have decided one way or the other in this case? If so, would you raise your hand.

In this case the victim is a fifteen year old. If the Defendant would testify in this case are any of you automatically gonna believe the adult over the fifteen year old child; does anybody feel like that? If so, please raise your hand."

When considered in context, the statement did not focus upon the defendant's right to refuse to testify. Cf. *State v. Lindsey,* supra. See *State v. Ford,* 669 S.W.2d 69 (Mo.App.1984). It did not forecast the defendant would testify. Nor did it challenge him to do so. It did not appear to be coercive to the defendant. He made no objection. His interpretation of the prosecuting attorney's inquiry is revealed in two questions he subsequently asked on voir dire.

"Is there anyone on the jury panel who would have a tendency to believe that teenagers tell the truth at all times?

Is there anyone on the panel who believes that—who would believe a teenager's word over that of an adult?"

Six relevant cases are instructively analyzed in *State v. Shanz,* 716 S.W.2d 472 (Mo.App.1986). In that case, the court found the statement "the defendant may or may not present evidence" did not offend the rule.

In *State v. Haggard,* 619 S.W.2d 44, 47 (Mo. banc 1981), vacated on other grounds, 459 U.S. 1192, 103 S.Ct. 1171, 75 L.Ed.2d 423 (1983), the prosecuting attorney said: "After all the evidence has been heard, and I assume there will be eight to ten witnesses called by the state, I do not know how many called by the defendant, *if any.*" (Emphasis added.) The court held this

statement was not an improper challenge to the defendant to testify. In this case, it was a proper inquiry to determine if a venireman would be likely to disbelieve the testimony of a 15-year-old prosecutrix of sex offenses. The reference "*if* the defendant would testify" was not a challenge or a goad to the defendant to testify. Under the circumstances of this case, and in the context of the entire voir dire, the inquiry would not have "the effect of compelling a defendant to testify." *Lindsey* at 904. The defendant's point is denied and the judgment is affirmed.

PREWITT and CROW, JJ., concur.