**STATE of Missouri, Respondent,**

v.

**Barry R. THURLO, Appellant.**

**No. 17391.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 12, 1992.

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Robin H. Grissom, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

A jury found Defendant, Barry R. Thurlo, guilty of the class C felony of burglary in the second degree. § 569.170.1, RSMo 1986. Defendant was sentenced as a prior and persistent offender to imprisonment for five years. Only a brief recital of the facts is necessary for an understanding of Defendant's appeal.

In the early hours of August 17, 1990, Defendant and an accomplice broke into the Main Street Bar in Webb City, Missouri. Cash was taken from the business and later divided between Defendant and his accomplice. On August 25, 1990, Defendant admitted his involvement in the burglary to Officer Joe Beckett of the Webb City Police. At trial, two alibi witnesses testified for the defense. They recalled that Defendant spent the night at their home on August 16, 1990, and to their knowledge Defendant never left during the night.

Defendant raises two points on appeal. He first complains of the trial court's failure to declare a mistrial during the prosecutor's opening remarks. Even though Defendant did not testify, those remarks, according to Defendant, denied him a fair trial because the prosecutor made "indirect references" to him testifying at trial.

An appellate court reviews the trial court's decision not to declare a mistrial only for abuse of discretion. *State v. Parker*, 476 S.W.2d 513 (Mo.1972). We find no abuse of discretion.

The condemned portion of the prosecutor's statement appears as follows:

MS. LUCE: I anticipate the defendant will be putting on a defense. He will be, I anticipate, saying that possibly—

MR. MAPLES: Objection to speculation, Your Honor—

THE COURT: Ms. Luce, approach the bench, please, Mr. Maples.

[Counsel approached the bench and the following proceedings were had out of the hearing of the Jury]

THE COURT: Although the defendant has not objected to this opening statement, Ms. Luce, this is beyond opening statement, you're now arguing your case. I'm going to ask you to present what you intend to prove and not argue your case.

MS. LUCE: I just know he's using the affirmative defense of an alibi and that—

THE COURT: Again, present your opening statement as to what you intend to prove. That's what an opening statement is.

MR. MAPLES: Judge, if I could elaborate on my objection as to her speculation, I do object that she's speculating what we're going to put on as evidence, she started to say "he." "He" could only refer to the defendant. And I believe there was a reference to evidence that the defendant is expected to present and could be construed as a reference to the defendant testifying. I object on that basis and it infringes on his Fifth Amendment right not to testify. And I would ask that she be instructed not to refer to that and I would request a mistrial.

THE COURT: Your request for mistrial will be overruled. However, your objection will be sustained. And Ms. Luce, you are directed not to make any reference to anything the defense may or may not put on. The purpose of an opening statement is to outline what you believe the State's evidence will be. And Mr. Maples, do you request the jury be advised to disregard the last comment of the State?

MR. MAPLES: No, Your Honor.

THE COURT: You do not make that request?

MR. MAPLES: I do not make that request.

THE COURT: Very well, proceed with your opening statement.

[The proceedings return to open court]

■ We agree with Defendant that a prosecutor is prohibited from commenting on an accused's failure to testify. *State v. Jackson,* 750 S.W.2d 644, 648 (Mo.App. 1988). Such a comment is in violation of Defendant's right against self-incrimination. *State v. Lindsey,* 578 S.W.2d 903, 904 (Mo. banc 1979); Art. I, § 19 Mo.Const. *See* § 546.270, RSMo 1986. Furthermore, "[b]oth direct and indirect references to defendants' [sic] failure to testify are forbidden." *State v. Chunn,* 657 S.W.2d 292, 294 (Mo.App.1983).

To determine if a forbidden direct reference occurs, "only a comment by the prosecutor which is a direct and certain reference to the failure of the accused to testify would be considered as satisfying the test." *State v. Reed,* 583 S.W.2d 531, 534 (Mo. App.1979). "To constitute an indirect reference, the comment, when viewed in context, must be of a type which would cause a jury to infer that the remark was a reference to the accused's failure to testify." *Id.*

■ Defendant argues the prosecutor's words, "He will be … saying …," are a clear reference to Defendant testifying. This argument takes the quoted words out of context when the first sentence of the prosecutor's statement is omitted. Taken in context, the quoted words have reference to the anticipated fact that Defendant would put forth a defense. It is unclear that the prosecutor is referring to Defendant actually testifying. In the bench conference, following Defendant's objection, the prosecutor specifically referred to Defendant's alibi defense. The statement could well refer to what Defendant will be "saying" by his defense witnesses. At best, we believe the entire statement of the prosecutor could only be considered in the light of an indirect reference to Defendant testifying.

Because Defendant's point relates only to an indirect reference, we need only determine the validity of Defendant's complaint on that basis.

A direct and certain reference mandates a new trial but an indirect reference only makes the conviction voidable and a new trial is required only when the reference clearly draws the jury's attention to the defendant's failure to testify.

*State v. Bulloch,* 785 S.W.2d 753, 755 (Mo. App.1990).

In this case, our chore is to determine whether the prosecutor's remarks clearly drew the jury's attention to Defendant's failure to testify. Defendant relies on *State v. Jackson, supra* (closing remarks held not improper); *State v. Chunn, supra* (direct reference in closing remarks held improper); and *State v. Reed, supra* (indirect reference in closing held improper).

All three of these cases involve remarks by the prosecutor in closing argument, not in the opening statement. In all of the cases the prosecutors' remarks were complete statements to the jury, not statements halted by objection. Here, no evidence had been presented when the objectionable remarks were made. In each case cited by Defendant, the defendant's evidence (or lack thereof) was fresh on the minds of the jury. Further, the prosecutor here was not allowed to complete her attempted remark, but the tenor of her statement related to Defendant's possible defense. An alibi defense was later squarely presented to the jury. None of Defendant's cases are factually similar to the present case.

We believe the instant case is akin to *State v. Haggard,* 619 S.W.2d 44 (Mo. banc 1981), vacated on other grounds, 459 U.S. 1192, 103 S.Ct. 1171, 75 L.Ed.2d 423 (1983). There, the prosecutor, in his opening statement, said: " 'After all the evidence has been heard, and I assume there will be eight to ten witnesses called by the State, I do not know how many called by the defendant, if any.' " *Id.* at 47. The accused's contention that this was an impermissible comment on his right not to testify was rejected. The Court said: "The prosecutor in no manner commented upon the failure of the defendant to testify, there having been no opportunity for him to do so.... This was not a comment on the defendant's right not to testify." *Id.*

Our court has recently decided a similar case, *State v. West,* 809 S.W.2d 464 (Mo. App.1991). There, the prosecutor's voir dire statement, "[i]f the defendant would testify," was determined not to have violated defendant's right against self-incrimination. We said, "When considered in context, the statement did not focus upon defendant's right to refuse to testify." *Id.* at 466. *See State v. Shanz,* 716 S.W.2d 472 (Mo.App.1986), where the Court found the statement "the defendant may or may not present evidence" did not offend the rule.

■ Here, Defendant insisted the court declare a mistrial after the prosecutor's statement. He declined the court's offer to instruct the jury to disregard the comment.

[T]he declaration of a mistrial is a drastic remedy and should be granted only in those circumstances when the incident is so grievous that the prejudicial effect can be removed no other way.

*Parker,* 476 S.W.2d at 515–16.

Ordinarily, the trial court acts within its discretion and cures error in the admission of evidence by withdrawing the improper evidence and instructing the jury to disregard it, rather than declaring a mistrial.

*State v. Laws,* 668 S.W.2d 234, 238 (Mo. App.1984).

The test for determining if prejudice from the erroneous admission of evidence cannot be cured by instruction to the jury has been clearly stated.

Where improper evidence comes into a case but is promptly stricken by the court and the jury is instructed to disregard it, the reviewing court, in order to hold that the failure to grant a mistrial was reversible error, must determine and conclude as a matter of law from the entire record that the error was prejudicial and so impressive that its effect was not removed by the action of the trial court.

*State v. Dennison,* 428 S.W.2d 573, 577 (Mo.1968).

We cannot conclude that the statement of the prosecutor was prejudicial and so impressive that its effect could not have been removed by direction to the jury. "The fact that the defendant sought no relief other than a mistrial cannot aid him." *State v. Gilmore,* 681 S.W.2d 934, 943 (Mo. banc 1984). Defendant's first point is denied.

Defendant's last point urges that plain error was committed by the trial court in giving an instruction based on MAI–CR 3d 302.04, defining reasonable doubt. Defendant says the instruction dilutes the State's burden of proof, relying on *Cage v. Louisiana,* 498 U.S. ——, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990).

Defendant concedes the Missouri Supreme Court has rejected the same argument in *State v. Griffin,* 818 S.W.2d 278, 282–83 (Mo. banc 1991). Our Supreme Court has consistently rejected this argument in *State v. Twenter,* 818 S.W.2d 628, 634 (Mo. banc 1991); *State v. Murray,* 744 S.W.2d 762, 771 (Mo. banc 1988), *cert. denied,* 488 U.S. 871, 109 S.Ct. 181, 102 L.Ed.2d 150 (1988); and *State v. Antwine,* 743 S.W.2d 51, 62–63 (Mo. banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). However, Defendant pursues this argument because he believes the issue involves a meritorious issue of federal constitutional law and admits he raises it for the purpose of preservation in the event that a federal court renders a decision contrary to *Griffin.*

The Missouri Supreme Court has repeatedly upheld MAI–CR 3d 302.04, defining reasonable doubt, in spite of *Cage.* We are bound to follow those controlling decisions. Art. V, § 2, Mo. Const. Point II is denied.

The judgment is affirmed.

SHRUM, P.J., and MAUS, J., concur.