STATE of Missouri, Plaintiff–
Respondent,

v.

Ronald Lee WRIGHT, Defendant–
Appellant.

No. 17584.

Missouri Court of Appeals,
Southern District,
Division Two.

June 22, 1992.

Motion for Rehearing or Transfer to
Supreme Court Denied July 20, 1992.

Ellen H. Flottman, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

Ronald Lee Wright (defendant) was charged in Count I with forcible rape of victim W, § 566.030, in Count II with forcible sodomy of victim W, § 566.060, and in Count III with felonious restraint of victim S, § 565.120. A jury found defendant guilty of forcible rape and forcible sodomy. It found defendant not guilty of felonious restraint. Defendant was sentenced to imprisonment for two consecutive life terms. Defendant states three points on appeal, none of which goes to the sufficiency of the evidence. A brief outline of facts is sufficient.

On June 27, 1989, victim W left her school board meeting at approximately 10:00 p.m. As she approached her vehicle, a man sitting in a van hollered to her asking for directions. As she started to give him instructions, he was "all of a sudden" right there holding a knife with the blade pointing at her throat. That man was later identified as codefendant, Michael Davis. Davis told victim W to get

into her car. He then pushed her into the car. Davis next yelled out the window, "Come on, we got a car." Defendant then got into the car.

The two men drove with victim W to Springfield, stopping periodically. During the trip, victim W was repeatedly sodomized by defendant and Davis and raped by Davis. They reached Springfield at approximately 4:00 a.m. and stopped in a residential area where Davis left the car for five to ten minutes. While in this residential area, defendant sodomized and raped victim W. Noticing defendant and Davis were tired, victim W told them she would write a check for them to stay in a hotel. They went to a Holiday Inn. Then, while in the lobby of the hotel, victim W hit Davis on the head and screamed, "I've been kidnapped." Davis grabbed for her. The two men then ran out of the hotel. The Holiday Inn desk clerk called the police.

Victim S testified regarding the charge of felonious restraint. She testified that on June 28, 1989, at approximately 10:00 p.m., she was in a hospital parking lot in Springfield waiting for a friend to get off work. A man approached her and started a conversation with her. He then opened her door, put his hand over her mouth and pushed her toward the passenger's seat. The attacker jumped into the back seat of the car and a second man got into the driver's seat. A struggle ensued and victim S was knocked out of her car. She was lying face down on the pavement, screaming. The men told her to shut up or they would stab her. Victim S's car would not start so the two men ran. Victim S initially identified the defendant as one of the men who attacked her. On cross-examination, defendant impeached that identification. Apparently upon the basis of insufficient identification, the jury acquitted the defendant of felonious restraint.

■ Defendant's first point on appeal from his convictions for rape and sodomy is:

"The trial court erred ... in overruling *appellant's* request for a mistrial during the prosecutor's opening statement ...

in that he made a direct reference to appellant's testifying and used language which would have the effect of compelling a defendant to testify, thereby denying him a fair trial and violating his right against self-incrimination ... when the prosecutor referred to '[victim W's] word against the defendant's word.'"

That point stems from the following remark made by the prosecutor in his opening statement. "The important thing, ladies and gentleman, in this first incident, though, is not merely [victim W's] word against defendant's word, we also have physical evidence."

"U.S. Const., amend. V, provides that no person shall be compelled in any criminal case to be a witness against himself. Mo. Const., art. I, § 19, provides that no person shall be compelled to testify against himself in a criminal cause." *State v. Shanz,* 716 S.W.2d 472, 475–476 (Mo.App.1986).

These constitutional provisions are relevant to the state's reference to the anticipated testimony of a defendant, or lack thereof, before the defendant has an opportunity to testify, such as in voir dire or an opening statement. They are also relevant to a reference by the state, most often in closing argument, to a defendant's failure to testify when he has had an opportunity to testify. The efficacy of those constitutional provisions to bar a reference, in the past tense, to the failure of a defendant to testify, has been *recognized and reinforced by* statute.

"If the accused shall not avail himself or herself of his or her right to testify, or of the testimony of the wife or husband, on the trial in the case, it shall not be construed to affect the innocence or guilt of the accused, nor shall the same raise any presumption of guilt, nor be referred to by any attorney in the case, nor be considered by the court or jury before whom the trial takes place." § 546.270.

Also see Rule 27.05(a).

The extent of the bar resulting from those constitutional provisions is most often judicially expressed in terms applicable

to such a reference in the past tense. As so applied, the bar has been summarized.

"Missouri law strictly forbids the state from commenting on a defendant's failure to testify. *State v. Sidebottom*, 753 S.W.2d 915, 920 (Mo. banc 1988). The prosecuting attorney is proscribed from making both direct and indirect references to the defendant's failure to testify. *State v. Lawhorn*, 762 S.W.2d 820, 826 (Mo. banc 1988).... The Missouri Supreme Court has distinguished the difference between direct and indirect references: 'A direct reference to an accused's failure to testify is made when the prosecutor uses words such as "defendant," "accused" and "testify" or the equivalent. An indirect reference is one reasonably apt to direct the jury's attention to defendant's failure to testify.' *Lawhorn*, 762 S.W.2d at 826." *State v. Robinson*, 825 S.W.2d 877, 881 (Mo.App. 1992).

"[A]n indirect reference is improper only if there is a calculated intent demonstrated by the prosecutor to magnify that decision so as to call it to the jury's attention." *State v. Lawhorn*, 762 S.W.2d 820, 826 (Mo. banc 1988). Also see *State v. Wood*, 719 S.W.2d 756 (Mo. banc 1986).

The bar resulting from those constitutional provisions also extends to a reference to the anticipated action of a defendant. The extent of the bar in respect to such an anticipatory reference has been expressed as follows:

"Article I, § 19 of the Missouri Constitution provides, in part, 'That no person shall be compelled to testify against himself in a criminal cause, ...' This language prohibits not only comments on the failure of a defendant to testify (see § 546.270, RSMo 1969, and *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965)), but also comments which have the effect of compelling a defendant to testify. The use of language which has either effect must be condemned. 'The effect of the remarks must have been either to coerce the defendant to testify, as has been said, "with a halter about his neck," or to induce him to remain silent, with knowl-edge that the jury had been challenged in the outset to observe whether or not he would go upon the stand under the goad of the prosecutor's statement.' *Coleman v. State*, 111 Ind. 563, 13 N.E. 100, 101 (1887)." *State v. Lindsey*, 578 S.W.2d 903, 904 (Mo. banc 1979).

Also see *State v. West*, 809 S.W.2d 464 (Mo.App.1991). The "direct" and "indirect" distinction may be appropriately considered in measuring the coercive effect of anticipatory remarks by the state. See *State v. Shanz*, supra.

The effect of the remark referring to "the defendant's word" must be determined when considered in context, not as an isolated phrase. It was obvious the victim would testify to the defendant's guilt. The defendant by his pleas of not guilty had denied that testimony. The jury had been so instructed. MAI–CR 3d 300.-02. The prosecutor's statement was to emphasize the physical evidence to be presented by the state. It was not a calculated intent to magnify defendant's failure to testify if he chose not to do so. It did not focus on defendant's right to refuse to testify. It did not forecast he would testify nor challenge him to do so.

This case is similar to *State v. Haggard*, 619 S.W.2d 44 (Mo. banc 1981), vacated on other grounds, 459 U.S. 1192, 103 S.Ct. 1171, 75 L.Ed.2d 423 (1983). In that case, the prosecutor made the following remark in his opening statement:

" 'After all the evidence has been heard, and I assume there will be eight to ten witnesses called by the State, I do not know how many called by the defendant, if any.' " *Id.* at 47.

The court held that statement was not a comment on the defendant's right not to testify, indicating that the statement was simply a comment regarding evidence which was to be produced at trial.

Likewise, in *State v. West*, supra, the prosecutor in voir dire made the statement "If the Defendant would testify in this case...." 809 S.W.2d at 466. This court held: "When considered in context, the

statement did not focus upon the defendant's right to refuse to testify." *Id.*

In the case on appeal, the trial court did not abuse its discretion in failing to declare a mistrial. The defendant mischaracterizes the prosecutor's remark as a direct challenge to the defendant to testify. When that remark is considered in context, it was a statement regarding the evidence the prosecution planned to present during trial. It was not a reference, direct or indirect, to the defendant's right to testify or not to testify. See also *State v. Thurlo,* 830 S.W.2d 891 (Mo.App.1992). His first point is denied.

■ Defendant's second point is:

"The trial court erred in allowing joinder under Section 545.140 and Rule 23.05 of the felonious restraint charge with the other offenses and abused its discretion in denying appellant's motion for severance and failing to sever the charge and trial for felonious restraint from those for rape and sodomy ... in that the manner in which each crime was committed was not sufficiently similar to the other incident to make it likely that the same person committed both offenses; the offenses were not part of a common scheme or plan; and appellant was substantially prejudiced thereby since the jury would have been incapable of considering the two transactions and their respective parts separately."

The propriety of the joinder of the offenses in the information is governed by Rule.

"All *offenses* that are *of the same or similar character* or based on two or more acts that are part of the same transaction or on two or more acts or transactions that are connected or that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts." Rule 23.05. (Emphasis added.)

Also see § 545.140(2). "[S]imilar tactics are sufficient to constitute acts 'of the same or similar character,' thus making joinder permissible." *State v. Harris,* 705 S.W.2d 544, 550 (Mo.App.1986). "Identical tactics are not required however. Tactics which resemble or correspond in nature are sufficient to support joinder." *State v. Clark,* 729 S.W.2d 579, 582 (Mo.App.1987).

The "similar tactics" of the perpetrators of the offenses charged in the information are apparent from the facts stated above. In regard to the offenses of rape and sodomy, and in regard to the offense of felonious restraint, two men approached a woman in a parking lot. One engaged the woman in conversation. He diverted the attention of the woman and overpowered her and the other man appeared. In the abduction of victim W, Davis held a knife to her. In regard to the felonious restraint of victim S, the perpetrators threatened to stab her. The attack on victim S occurred the night of the same day victim W escaped. These are tactics which sufficiently resemble and correspond in nature to support joinder. Cf. *State v. Clark,* 729 S.W.2d 579 (Mo.App.1987). See also *State v. Hughes,* 787 S.W.2d 802 (Mo.App.1990); *State v. White,* 755 S.W.2d 363 (Mo.App. 1988); *State v. Perkins,* 826 S.W.2d 385 (Mo.App.1992).

■ Defendant did file a motion for a separate trial of the charge of felonious restraint, as required by Rule 24.07. The principles governing the propriety of the trial court's denial of that motion are well established.

"The key question in determining whether severance should be granted is one of prejudice. Sec. 545.885(2) RSMo 1986; Rule 24.07. The defendant must make a particularized showing of substantial prejudice. *Id.* There must be both an abuse of discretion and a clear showing of prejudice before a denial of severance can be reversed. *State v. White, supra* [12]. In determining prejudice the court should consider, among other relevant factors, the number of offenses charged, the complexity of the evidence, and whether the trier of fact is able to distinguish the evidence and apply the law intelligently to each offense." *Hughes,* 787 S.W.2d at 804.

The evidence of the two incidents, one giving rise to the charges of rape and sodomy and the other giving rise to the charge

of felonious restraint, was simple and straightforward. There was nothing in that evidence to hinder the jury in distinguishing the evidence applicable to each incident and applying the law to each incident.

Defendant's acquittal of the charge of felonious restraint decisively demonstrates the trial court did not err in denying his request for a separate trial of that offense. *State v. Hughes*, supra. Defendant's second point is denied.

Defendant, by his final point, contends the trial court plainly erred in giving MAI–CR 3d 302.04, "defining proof beyond a reasonable doubt as proof that leaves jurors 'firmly convinced'". He cites *Cage v. Louisiana*, 498 U.S. ——, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). This contention has been considered and rejected. *State v. Griffin*, 818 S.W.2d 278 (Mo. banc 1991). Defendant's last point is denied and judgment is affirmed.

FLANIGAN, C.J., and MONTGOMERY, J., concur.