# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2835

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Kim Eugene Aldrich, | * | |
| | * | |
| Appellant. | * | |

_____

No. 98-2079

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Kim Eugene Aldrich, | * |
| | * |
| Appellant. | * |

_____

Submitted:  December 17, 1998
Filed:  February 23, 1999

_____

Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.

_____

MAGILL, Circuit Judge.

Kim Aldrich was tried by jury and convicted on two counts of being a felon in possession of a firearm and ammunition (counts one and two), in violation of 18 U.S.C. § 922(g), and on one count of possessing an unregistered firearm (count three), in violation of 26 U.S.C. §§ 5861 and 5871. In response to a motion for new trial, the district court vacated Aldrich's convictions on counts one and two but refused to grant a new trial on count three. Aldrich appeals the denial of his motion for new trial on count three, and we reverse.

## I.

On November 26, 1996, a police officer stopped Aldrich while he was driving a vehicle owned by Charles Cook. When the officer learned that Aldrich did not have a driver's license, he asked Aldrich to step out of the vehicle. Rather than complying, Aldrich sped away and led several officers on a high speed chase. The chase ended when Aldrich struck a tree and disabled his car.

After hitting the tree, Aldrich locked the car doors and refused the officers' demands that he get out of the car. The officers then forcibly removed Aldrich from the car and placed him under arrest. While searching the vehicle, the officers located a sawed-off shotgun behind the driver's seat and several shotgun shells in a white glove on the floor in front of the passenger's seat. It is undisputed that the gun and shotgun shells belonged to Cook and that Aldrich's fingerprints were not found on them.

A grand jury returned a four-count indictment against Aldrich and Cook, charging Aldrich with being a felon in possession of a firearm and ammunition in

violation of 18 U.S.C. § 922(g) (counts one and two) and with possession of a sawed-off shotgun in violation of 26 U.S.C. §§ 5861 and 5871 (count three), and charging Cook with possession of a sawed-off shotgun in violation of 26 U.S.C. §§ 5861 and 5871 (count four). Both defendants entered pleas of not guilty and proceeded to trial.[1]

To meet its burden of proof on counts one and two (the felon in possession counts), the government introduced evidence at trial that Aldrich had been convicted of a felony in 1976.[2] At the conclusion of trial, the jury convicted Aldrich on all three counts. Subsequently, the government and Aldrich learned that the State of Iowa Executive Department had issued Aldrich a "Restoration of Rights" certificate in 1981, which restored to Aldrich all the rights, privileges and immunities that were previously forfeited by reason of his 1976 felony conviction. Aldrich filed a motion for a new trial, arguing, inter alia, that his convictions on the felon in possession counts should be vacated in light of the "Restoration of Rights" certificate and that the evidence of his prior felony unfairly prejudiced his right to a fair trial on count three. There is no dispute that the evidence of Aldrich's prior felony would not have been admissible if Aldrich had been tried only on count three.

Both the government and the district court agreed that Aldrich's felon in possession convictions could not stand in light of the "Restoration of Rights" certificate. However, the government argued that the evidence of Aldrich's prior felony was not sufficiently prejudicial to require a new trial on count three. The district court agreed and entered an order vacating Aldrich's convictions on counts one and two of the indictment but denying a new trial on count three of the

---

[1]After the start of trial, Cook entered a plea agreement with the government whereby the government dismissed count four of the indictment.

[2]In 1976, Aldrich was convicted in Iowa state court for the felony offense of breaking and entering.

indictment.

## II.

Aldrich contends that he should be granted a new trial on count three of the indictment because the evidence of his prior felony conviction had a sufficiently prejudicial spillover effect to deprive him of a fair trial on count three of the indictment. We agree.

We review a district court's denial of a motion for new trial for an abuse of discretion. See United States v. Grey Bear, 116 F.3d 349, 350 (8th Cir. 1997). Reversal is required when necessary to avoid a miscarriage of justice. See United States v. Davis, 103 F.3d 660, 668 (8th Cir. 1996); see also Lamb Eng'g & Constr. Co. v. Nebraska Pub. Power Dist., 103 F.3d 1422, 1430 (8th Cir. 1997) ("We will reverse the District Court's decision if . . . a new trial is necessary to avoid a miscarriage of justice." (quotations omitted)).

In our judgment, the present case provides an excellent example of a "retroactive misjoinder" situation. "'Retroactive misjoinder' arises when joinder of multiple counts was proper initially, but later developments . . . render the initial joinder improper." United States v. Jones, 16 F.3d 487, 493 (2d Cir. 1994); see also United States v. Sanders, 563 F.2d 379, 383 (8th Cir. 1977) (explaining that "retroactive misjoinder" arises "where an element of the government's case that made joinder proper in the first instance . . . is unsupported by the evidence"); see generally, 24 Moore's Federal Practice, § 608.04[4] (3d ed. 1997). To invoke "retroactive misjoinder" on appeal, a defendant must demonstrate that he was subject to clear prejudice. See United States v. Lewis, 547 F.2d 1030, 1033 (8th Cir. 1976) (explaining that we review a district court's determination concerning prejudice arising from joinder for an abuse of discretion and we will not reverse absent a showing of clear prejudice); see also Jones, 16 F.3d at 493 ("defendant must show

-4-

compelling prejudice" (quotations omitted)).  Prejudicial spillover from evidence used to obtain a conviction subsequently vacated may constitute clear prejudice.  See id.

Here, it would be manifestly unfair to allow the sawed-off shotgun conviction to stand even though the felon in possession convictions have been vacated.  It cannot be gainsaid that there is "a high risk of undue prejudice whenever, as in this case, joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible."  United States v. Daniels, 770 F.2d 1111, 1116 (D.C. Cir. 1985).  "Evidence of a prior crime 'is always . . . prejudicial to a defendant.  It diverts the attention of the jury from the question of the defendant's responsibility for the crime charged to the improper issue of his bad character.'"  United States v. James, 555 F.2d 992, 1000 (D.C. Cir. 1977) (quoting United States v. Phillips, 401 F.2d 301, 305 (7th Cir. 1968)); see also United States v. Holloway, 1 F.3d 307, 311 (5th Cir. 1993) ("evidence of a prior conviction has long been the object of careful scrutiny and use at trial because of the inherent danger that a jury may convict a defendant because he is a 'bad person' instead of because the evidence . . . proves him guilty").  As the Supreme Court has explained, such evidence "weigh[s] too much with the jury and . . . overpersuade[s] them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge."  Michelson v. United States, 335 U.S. 469, 476 (1948).  It is for this very reason that courts typically hold that "joinder of an ex-felon count with other charges requires either severance, bifurcation, or some other effective ameliorative procedure."  Jones, 16 F.3d at 492.

In this case, the jury learned of Aldrich's criminal record as part of the government's proof on counts one and two.  It is undisputed that this evidence would not have been admissible at a trial concerning only count three.  In light of the "Restoration of Rights" certificate, the government should not have prosecuted counts one and two, and the jury should have never heard evidence concerning Aldrich's

prior felony conviction. We believe that prejudicial spillover from this evidence caused clear prejudice. "[T]he evidence that [the defendant] is a felon was of the inflammatory sort that may have swayed the jury to convict him of the other charges even if the evidence had not supported those charges." Jones, 16 F.3d at 493. Accordingly, we reverse Aldrich's conviction on count three and remand for a new trial.

## III.

Aldrich raises several other issues on appeal, each of which we may dispose of summarily. First, Aldrich asserts that the evidence was insufficient to support his conviction and, therefore, that the district court erred in denying his motion for acquittal. However, "view[ing] the evidence in the light most favorable to the government [and] giving it the benefit of all reasonable inferences that support the jury verdict," United States v. Uder, 98 F.3d 1039, 1045 (8th Cir. 1996), we cannot say that a reasonable jury would have been unable to conclude guilt beyond a reasonable doubt. That this is true, of course, means nothing to our determination that Aldrich was subject to clear prejudice by the evidence of his prior felony conviction. Accordingly, we affirm the district court's denial of Aldrich's motion for acquittal.

Second, Aldrich challenges the district court's denial of his motion for a mistrial, a continuance or a new trial on the basis that he was prejudiced by Cook's decision during trial to enter a plea agreement with the government and to testify against him. Because we are already remanding for a new trial and there will be no surprise concerning Cook's status and testimony at the new trial, we need not address this issue.

Third, Aldrich contends that the district court erred in denying his motion for a new trial on the ground that the verdict was against the manifest weight of the

evidence. Although we disagree, our decision to grant a new trial because of the spillover prejudice obviates our need to discuss this point in any detail.

Aldrich's final challenge is to the district court's refusal to grant two of his proposed jury instructions. We have often explained that "[a] defendant is not entitled to a particularly worded [jury] instruction where the instructions given by the trial judge adequately and correctly cover the substance of the requested instruction." United States v. Roy, 843 F.2d 305, 311 (8th Cir. 1988) (quotations omitted). After reviewing the instructions given by the district court here, we are convinced that they adequately and correctly covered the substance of Aldrich's proposed instructions. Accordingly, we find no error on this ground.

## IV.

For the foregoing reasons, we REVERSE Aldrich's conviction on count three of the indictment and REMAND for a new trial.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.