# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1114

_____

| | | |
|---|---|---|
| Doyle Kelley, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Mike Kemna, Superintendent, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: June 26, 2001

Filed: July 16, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Doyle Kelley appeals from the district court's[1] dismissal of his 28 U.S.C. § 2254 petition. We affirm.

In December 1994, Mr. Kelley was convicted of two counts of first degree murder in the deaths of his first wife, Diana Kelley, and his subsequent wife, Christy

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Kelley. On each count he was sentenced to life imprisonment; however, because hearsay testimony concerning Christy's death had been improperly admitted at trial, the Missouri Court of Appeals reversed and remanded the conviction for her murder. The court affirmed the other conviction. See State v. Kelley, 953 S.W.2d 73, 77-78 (Mo. Ct. App. 1997), cert. denied, 522 U.S. 1151 (1998).

After the district court dismissed Mr. Kelley's section 2254 petition with prejudice, we granted him a certificate of appealability on one issue: whether the joinder of the two charges violated his Fourteenth Amendment right to due process. Mr. Kelley argues (1) he is entitled to a new trial due to "retroactive misjoinder" of the two murder counts, (2) the original joinder was erroneous under Mo. Rev. Stat. § 545.140.2 (as amended in 1993), i.e., the two offenses "were dissimilar because the death of Christy Kelley was drowning while the cause of death of Diana Kelley was respiratory failure" and because the deaths occurred nearly two years apart; and (3) the trial court's retroactive application of Missouri's joinder statute, Mo. Rev. Stat. § 565.004.1, constituted an ex post facto violation.

Mr. Kelley's retroactive-misjoinder argument lacks force, as he has not demonstrated that he was subject to clear prejudice. See United States v. Aldrich, 169 F.3d 526, 528 (8th Cir. 1999) (retroactive misjoinder arises when joinder of multiple counts was proper initially, but later developments render initial joinder improper; clear-prejudice requirement). In Aldrich, the principal case upon which Mr. Kelley relies to support this argument, two felon-in-possession counts were joined with one count of possession of a sawed-off shotgun. To meet its burden of proof on the felon-in-possession counts, the government introduced evidence that Mr. Aldrich had been convicted of a felony in 1976; however, post-conviction information revealed that he had received a "Restoration of Rights" certificate in 1981. See id. at 527-28. The government agreed that the felon-in-possession counts should be reversed, and we later reversed the shotgun-possession count as well, reasoning that the introduction of the felony conviction in support of the felon-in-possession counts was unduly prejudicial

as to the shotgun count.  See id. at 527-29.  In reaching this conclusion, we emphasized that the government (lacking the predicate felony conviction) should never have prosecuted the felon-in-possession counts; thus, the jury should never have heard any evidence as to a prior criminal conviction.  See id. at 528-29.

By contrast, in this case, there has been no challenge to the propriety of initiating the prosecution for Christy's murder.  Rather, an appellate determination was made that the conviction was not supported by sufficient admissible evidence.  Further, although Mr. Kelley argues that the evidence pertaining to Christy's murder made his trial for Diana's murder fundamentally unfair, he does not argue that the witnesses, lawyers, or jury were confused.  See Closs v. Leapley, 18 F.3d 574, 578 (8th Cir. 1994) (even where evidence of one crime that is presented in trial of two offenses would not be admissible in separate trial of other crime, federal courts have found no prejudicial effect from joinder when evidence of each crime is simple and distinct; neither witnesses nor lawyers showed any uncertainty with respect to which offense was being discussed at any particular time).

Next, we reject Mr. Kelley's contention that the two killings were dissimilar for purposes of the joinder requirement under section 545.140.2.  As the state appellate court noted, both victims were married to and separated from him before their deaths, both had had appointments to meet with him before they died, and evidence existed that both were battered around the time of death.  See State v. Wright, 833 S.W.2d 445, 448 (Mo. Ct. App. 1992) (similar tactics are sufficient to constitute acts of same or similar character under § 545.140; identical tactics are not required).  In any event, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Finally, Mr. Kelley's ex post facto argument is unpersuasive, because--as he concedes--rules regarding joinder are procedural.  See Blair v. Armontrout, 916 F.2d 1310, 1331 (8th Cir. 1990) (Ex Post Facto Clause does not prohibit retrospective

application of new procedural, as opposed to substantive, rules; realm of changes considered procedural for this purpose is quite large), <u>cert. denied</u>, 502 U.S. 825 (1991); <u>Kelley</u>, 953 S.W.2d at 79 (relying on Missouri Supreme Court cases to conclude that joinder is procedural matter, as it does not increase punishment or change crime's essential facts or elements; retroactive application of § 565.004.1 was not error).

Accordingly, we agree with the district court that the state court's decision was not contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, <u>see</u> <u>May v. Iowa</u>, No. 00-2397, 2001 WL 515053, at *2 (8th Cir. May 16, 2001), and we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-